IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Milton Rainbolt, Pamela Myers, Steve Strobel, Eva Howey, Geneva Howard, Julie Melton, Harry Weir, Shandra Peace, and Julie Malik for decedent Anita McPeters<br><br>          Plaintiffs,<br><br>v.<br><br>**PFIZER INC**<br><br>Serve:    Registered Agent<br>          CT Corporation<br>          120 S. Central<br>          Clayton, MO 63105<br><br>**PHARMACIA CORPORATION,**<br><br>Serve:    Registered Agent<br>          CT Corporation<br>          120 S. Central<br>          Clayton, MO 63105<br><br>**G.D. SEARLE LLC,**<br><br>Serve:    Registered Agent<br>          CT Corporation<br>          120 S. Central<br>          Clayton, MO 63105    . | Cause No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW plaintiffs, and for their complaint against G.D. Searle LLC, Pharmacia Corporation, and Pfizer Inc allege as follows:

480247 / 004128

1. This action is brought by plaintiffs, seeking damages for personal injuries and economic damages suffered as a result of a defective and dangerous pharmaceutical product, Bextra (Valdecoxib), which was manufactured, marketed, distributed and/or sold by G.D. Searle LLC, Pharmacia Corporation, and Pfizer Inc. This action seeks monetary damages for personal injuries, including damages caused by the drugs named herein and ingested by plaintiffs.

2. Milton Rainbolt is a citizen of the State of Texas. Because of his use of Bextra, he suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health problems.

3. Pamela Myers is a citizen of the State of Arkansas. Because of her use of Bextra, she suffered a heart attack. Bextra caused or was a contributing cause of her health problems.

4. Steve Strobel is a citizen of the State of Nevada. Because of his use of Bextra, he suffered cardiovascular injuries. Bextra caused or was a contributing cause of his health problems.

5. Eva Howey is a citizen of the State of North Carolina. Because of her use of Bextra, she suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health problems.

6. Geneva Howard is a citizen of the State of Illinois. Because of her use of Bextra, she suffered a stroke. Bextra caused or significantly contributed to cause her health problems.

7. Julie Melton is a citizen of the State of Kansas. Because of her use of Bextra, she suffered a stroke. Bextra caused or significantly contributed to cause her health problems.

8. Harry Weir is a citizen of the State of Illinois. Because of his use of Bextra, he suffered a stroke. Bextra caused or significantly contributed to cause his health problems.

9. Shandra Peace is a citizen of the State of California. Because of her use of Bextra, she suffered a heart attack and stroke. Bextra caused or significantly contributed to cause her health problems.

10. Julie Malik is the natural daughter of decedent Anita McPeters and brings this action on her own behalf and on behalf of decedent's next of kin, having been appointed Independent Administrator of the estate of Anita McPeters by the Circuit Court of St. Clair County, Illinois. Anita McPeters was a citizen of the State of Illinois  Because of her use of Bextra, she suffered a heart attack, which led to her wrongful death. Bextra caused or was a significantly contributing cause of her wrongful death.

## JURISDICTION AND VENUE

11. There is federal subject matter jurisdiction based on diversity of citizenship because plaintiffs and defendants are citizens of different states and the amount-in-controversy requirement exceeds $75,000 for each plaintiffs' claim.

12. The applicable statute of limitations is tolled based on defendants' fraudulent concealment of the dangers and adverse side effects of the drugs Bextra and Bextra, respectively, from plaintiffs as more fully stated herein. Additionally, for the reasons stated herein, defendants are equitably estopped from raising the statute of limitations defense.

## PARTIES--BEXTRA

13. Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation, and Pfizer was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.

14. Defendant G.D. Searle LLC  (hereinafter "Searle") is an Illinois Corporation that

was in the business of designing, manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.

15.     Defendant Pharmacia is a Delaware Corporation. Defendant Pharmacia was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.

16.     Bextra (Valdecoxib) is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Pfizer, Pharmacia, Searle manufactured, designed, packaged, marketed and distributed this drug. Pfizer, Pharmacia, , and Searle encouraged the improper use of this drug, misrepresented the safety and effectiveness of this drug, and concealed or understated its dangerous side effects. Pfizer, Pharmacia, and Searle aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Pfizer, Pharmacia, and Searle did this to increase sales and profits.

17.     Pfizer, Pharmacia, , and Searle actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Pfizer, Pharmacia, , and Searle's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiffs's individual rights, and hence punitive damages are appropriate.

## BACKGROUND-BEXTRA

18. Bextra (Valdecoxib) is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Pfizer, Pharmacia, , and Searle did manufacture, design, package, market and distribute this drug.

19. This petition seeks redress for damages sustained by plaintiffs, resulting from plaintiffs' use of Bextra (Valdecoxib), manufactured and sold by Pfizer, Pharmacia, , and Searle.

20. The damages sought herein are the direct and proximate result of Pfizer, Pharmacia, , and Searle's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug Bextra (Valdecoxib).

21. Pfizer, Pharmacia, , and Searle were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug Bextra (Valdecoxib) throughout the United States.

## COUNT IX

### STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN

Come now plaintiffs and for Count IX of her Complaint against defendants Pfizer, Pharmacia, , and Searle, allege:

22. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

23. Pfizer, Pharmacia, , and Searle designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Bextra

(Valdecoxib) which it knew would be used by plaintiffs and others.

24. At the time Bextra (Valdecoxib) was manufactured and sold to plaintiffs by Pfizer, Pharmacia, , and Searle, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other illnesses which exceeded the benefits of the products, and for which other safer products were available. This defective condition made the product unreasonably dangerous when put to a reasonably anticipated use as treatment for pain relief, which was the use for which Bextra (Valdecoxib) was advertised.

25. Alternatively, when the Bextra (Valdecoxib) products were manufactured and sold to plaintiffs by Pfizer, Pharmacia, , and Searle, the products were defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

26. Plaintiffs used Bextra (Valdecoxib) in a manner reasonably anticipated.

27. The Bextra (Valdecoxib) sold to the plaintiffs reached the plaintiffs without substantial change. Plaintiffs were unaware of the dangerous propensities of the product. The plaintiffs ingested the Bextra (Valdecoxib) without making any changes or alterations.

28. As a direct and proximate result of the defective and dangerous design of the Bextra (Valdecoxib), Plaintiffs has been damaged.

29. Pfizer, Pharmacia, , and Searle's conduct was done with conscious disregard for the safety of users of Bextra (Valdecoxib), including plaintiffs, justifying an award of punitive damages.

## COUNT X

### STRICT PRODUCTS LIABILITY/FAILURE TO WARN

Come now plaintiffs and for Count X of her Complaint against defendants Pfizer,

Pharmacia, , and Searle and allege:

30. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

31. The Bextra (Valdecoxib) manufactured, supplied, and sold by Pfizer, Pharmacia, , and Searle was unaccompanied by proper and adequate warnings regarding all adverse side effects associated with the use of Bextra (Valdecoxib) and the comparative severity and duration of the adverse effects as well as that it was not approved for relief of acute pain and that it did not have any approved gastrointestinal-protective benefit. The warnings given by Pfizer, Pharmacia, , and Searle did not accurately reflect the symptoms, type, scope, or severity of the side effects.

32. The Bextra (Valdecoxib) manufactured, supplied, and sold by Pfizer, Pharmacia, , and Searle was an unreasonably dangerous defective product which posed unacceptable risks to human health when put to a reasonably anticipated use by Plaintiffs who were without knowledge of its dangerous characteristics.

33. Pfizer, Pharmacia, , and Searle failed to perform adequate testing and study of Bextra (Valdecoxib) prior to marketing it or ignored existing data. Such adequate testing, study or analysis would have shown that Bextra (Valdecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Bextra (Valdecoxib).

34. Pfizer, Pharmacia, , and Searle also failed to act properly on adverse event reports it received about Bextra (Valdecoxib) and failed to properly study Bextra (Valdecoxib) – pre-market as well as post market.

35.     Pfizer, Pharmacia, , and Searle also failed to effectively warn users and physicians that numerous other methods of safer pain relievers were available.

36.     Pfizer, Pharmacia, , and Searle failed to give adequate pre- and post-marketing warnings or instructions for the use of Bextra (Valdecoxib) because after Pfizer, Pharmacia, , and Searle knew or should have known of the risk of injury from Bextra (Valdecoxib) use, Pfizer, Pharmacia, , and Searle failed to provide adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

37.     Plaintiffs used Bextra (Valdecoxib) in a manner reasonably anticipated.

38.     As a direct and proximate result of Pfizer, Pharmacia, , and Searle selling Bextra (Valdecoxib) without adequate warnings, as well as the other conduct mentioned in this Count, plaintiffs have been damaged.

39.     Pfizer, Pharmacia, , and Searle's conduct was done with conscious disregard for safety, justifying an award of punitive damages.

## COUNT XI

## NEGLIGENT DESIGN

Come now plaintiffs and for Count XI of her Complaint against defendants Pfizer, Pharmacia, , and Searle, allege:

40. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

41.     Pfizer, Pharmacia, , and Searle designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Bextra (Valdecoxib) which it knew would be used by Plaintiffs and others.

42. At the time the Bextra (Valdecoxib) was manufactured and sold to Plaintiffs by Pfizer, Pharmacia, , and Searle, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

43. Alternatively, when the Bextra (Valdecoxib) product was manufactured and sold to the Plaintiffs by Pfizer, Pharmacia, , and Searle, the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

44. The Bextra (Valdecoxib) sold to Plaintiffs reached the Plaintiffs without substantial change. Plaintiffs were unaware of the dangerous propensities of the product. Plaintiffs ingested the Bextra (Valdecoxib) without making any changes or alterations.

45. In designing and manufacturing Bextra (Valdecoxib), Pfizer, Pharmacia, , and Searle failed to exercise the ordinary care that a careful and prudent drug manufacturer would exercise in the same or similar circumstances.

46. As a direct and proximate result of the negligent design of Bextra (Valdecoxib), Plaintiffs have been damaged.

47. Pfizer, Pharmacia, , and Searle's conduct was done with conscious disregard for the safety of users of Bextra (Valdecoxib), including Plaintiffs.

## COUNT XII

## NEGLIGENT FAILURE TO WARN

Come now plaintiffs and for Count XIV of her Complaint against defendants Pfizer, Pharmacia, , and Searle, allege:

48. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set

forth herein.

49. Pfizer, Pharmacia, , and Searle owed Plaintiffs a duty to warn of any dangerous defects or side effects; a duty to assure its product did not cause users unreasonable and dangerous risks, reactions, side effects; and a duty to provide adequate post market surveillance and warnings as it learned of Bextra (Valdecoxib)'s substantial dangers.

50. Pfizer, Pharmacia, , and Searle breached its duty of reasonable care to Plaintiffs in that Pfizer, Pharmacia, , and Searle failed to:

    a.    Conduct sufficient testing which, if properly performed, would have shown that Bextra (Valdecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

    b.    Include adequate warnings with Bextra (Valdecoxib) that would alert users to the potential risks and serious side effects the drugs as well as the limited benefits and the approved uses; and/or

    c.    Warn the Plaintiffs that use of Bextra (Valdecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

    d.    Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Bextra (Valdecoxib); and/or

    e.    Provide Plaintiffs with other appropriate warnings, including but not limited to that Bextra is not approved for acute pain, it had no proven gastrointestinal-protective effects, it should not be used indefinitely, and patients

had to be adequately screened prior to taking Bextra.

51. Pfizer, Pharmacia, , and Searle should have known that Bextra (Valdecoxib) caused unreasonably dangerous risks and serious side effects of which the general public would not be aware. Pfizer, Pharmacia, , and Searle nevertheless advertised, marketed and promoted its product knowing there were safer methods and products for pain control.

52. As a direct and proximate result of Pfizer, Pharmacia, , and Searle's negligence and breach of its duty of reasonable care, Plaintiffs have been damaged.

## COUNT XIII

## FRAUDULENT CONCEALMENT

Come now plaintiffs and for Count XIII of his Complaint against defendants Pfizer, Pharmacia, , and Searle, allege:

53. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

54. Pfizer, Pharmacia, , and Searle had actual knowledge of the cardiothrombotic effects of Bextra (Valdecoxib). Despite having knowledge of the cardiothrombotic effects of Bextra (Valdecoxib), Pfizer, Pharmacia, , and Searle actively concealed and omitted to disclose those effects when marketing Bextra (Valdecoxib) to doctors, health care providers, and to the general public through direct advertisements.

55. At the time these omissions were made, Pfizer, Pharmacia, , and Searle had knowledge of the substantial and significant cardiothrombotic effects of Bextra (Valdecoxib).

56. Pfizer, Pharmacia, , and Searle omitted to inform Plaintiffs of the true cardiothrombotic and other adverse health effects of Bextra (Valdecoxib). Pfizer, Pharmacia, ,

and Searle further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Bextra (Valdecoxib) such as heart attacks and strokes.

57. Pfizer, Pharmacia, , and Searle's failure to disclose material facts constituted fraudulent concealment. Pfizer, Pharmacia, , and Searle sanctioned approved and/or participated in the failure to disclose.

58. Pfizer, Pharmacia, , and Searle had a duty to speak because they had superior knowledge regarding the adverse health effects of Bextra (Valdecoxib) as set forth herein.

59. The information not disclosed by Pfizer, Pharmacia, , and Searle was unavailable to Plaintiffs and/or her treating health care professionals. Pfizer, Pharmacia, , and Searle knew the information was unavailable yet approved and participated in instructing its agents, servants and employees to not disclose the information in order to promote the sales of Bextra (Valdecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory such as Ibuprofen and Naproxen.

60. Plaintiffs were diligent in attempting to seek the information by consulting with his physicians.

61. The information not disclosed by Pfizer, Pharmacia, , and Searle was not within the reasonable reach of plaintiffs, and/or her treating physicians, in the exercise of reasonable care.

62. The non-disclosed information was material, and Pfizer, Pharmacia, , and Searle knew they were not disclosing complete information and intended that plaintiffs and/or her treating physicians act upon the non-disclosed information in the manner reasonably

contemplated.

63.  Plaintiffs and/or her treating physician were ignorant as to the undisclosed information and had a right to rely on full disclosure.

64.  If plaintiffs and/or her treating physicians had known the complete information, they would not have prescribed and/or plaintiffs would not have taken Bextra (Valdecoxib) as evidenced by Pfizer, Pharmacia, , and Searle being required to include a black label warning.

65.  Pfizer, Pharmacia, , and Searle's non-disclosure of information was outrageous due to their evil motive and reckless indifference to the rights of plaintiffs, justifying and award of punitive damages.

## COUNT XIV

## COMMON LAW FRAUD

Come now plaintiffs and for Count XIV of her Complaint against defendants Pfizer, Pharmacia, , and Searle and allege:

66.  Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

67.  Pfizer, Pharmacia, , and Searle made false representations and omissions to plaintiffs and other members of the public, including but not limited to, that Bextra (Valdecoxib) was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

68.  These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Bextra (Valdecoxib) was not safe, had not been adequately tested,

and had dangerous and life-threatening side effects. When Pfizer, Pharmacia, , and Searle made the representations, it knew them to be false, and said representations were made by Pfizer, Pharmacia, , and Searle with the intent to deceive plaintiffs and/or his prescribing physicians and with the intent to induce plaintiffs to use the Bextra (Valdecoxib) manufactured by Pfizer, Pharmacia, , and Searle.

69.    Plaintiffs and/or her physicians, reasonably relied upon false representations and omissions; plaintiffs' physicians prescribed Bextra (Valdecoxib), and Plaintiffs used Bextra (Valdecoxib). Plaintiffs would not have done so if he had known the true facts. In using Bextra (Valdecoxib), plaintiffs exercised ordinary care.

70.    As a direct and proximate result of the aforesaid fraudulent conduct, Pfizer, Pharmacia, , and Searle caused plaintiffs to suffer the damages and injuries herein alleged.

71.    Pfizer, Pharmacia, , and Searle's conduct was outrageous due to its evil motive or reckless indifference to the rights of plaintiffs, justifying an award of punitive damages.

## COUNT XV

## BREACH OF IMPLIED WARRANTY

Come now plaintiffs and for Count XV of her Complaint against defendants Pfizer, Pharmacia, , and Searle, allege:

72.    Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

73.    When Pfizer, Pharmacia, , and Searle placed the Bextra (Valdecoxib) into the stream of commerce, Pfizer, Pharmacia, , and Searle knew of the use for which the drug was intended and impliedly warranted to consumers including plaintiffs that the use of Bextra

(Valdecoxib) was a safe and acceptable means of relieving pain and impliedly warranted that the product was of merchantable quality and safe for its intended use.

74. Plaintiffs relied upon Pfizer, Pharmacia, , and Searle and its judgment when his purchased and utilized Bextra (Valdecoxib).

75. The Bextra (Valdecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to plaintiffs.

76. As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib), plaintiffs were injured, and they incurred economic damages in the form of medical expense.

77. Plaintiffs are entitled to recover from Pfizer, Pharmacia, , and Searle for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNT XVI

### BREACH OF EXPRESS WARRANTY

Come now plaintiffs and for Count XVI of her Complaint against defendants Pfizer, Pharmacia, , and Searle and allege:

78. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

79. Pfizer, Pharmacia, , and Searle expressly warranted to plaintiffs by statements made by Pfizer, Pharmacia, , and Searle or its authorized agents, orally or in written publications, package labels, and/or inserts, that Bextra (Valdecoxib) was safe, effective, fit, and proper for its

480247 / 004128

15

intended use. The express warranties include, but were not limited to:

    a. Bextra (Valdecoxib) is used in adults for: a. for relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis: and

    b. for the treatment of primary dysmenorrhea.

80. In utilizing Bextra (Valdecoxib), plaintiffs relied upon the skill, judgment, representations, and express warranties of Pfizer, Pharmacia, , and Searle.

81. The express warranties and representations made by Pfizer, Pharmacia, , and Searle were false in that Bextra (Valdecoxib) was not safe and was not fit for the use for which it was intended.

82. As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib), plaintiffs were injured, and they incurred economic damages in the form of medical expense.

83. Plaintiffs are entitled to recover from Pfizer, Pharmacia, , and Searle for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNT XVII

### NEGLIGENT MISREPRESENTATION

Come now plaintiffs and for Count XVII of her Complaint against defendants Pfizer, Pharmacia, , and Searle, allege:

84. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

85. Pfizer, Pharmacia, , and Searle knew, or should have known, that there were

dangerous side effects resulting from the ingestion of Bextra (Valdecoxib).

86. Pfizer, Pharmacia, , and Searle knew or reasonably should have known that consumers such as plaintiffs would not have known about the increased risk of heart attack and strokes associated with the ingestion of Bextra (Valdecoxib).

87. Pfizer, Pharmacia, , and Searle armed with the knowledge stated in the preceding two paragraphs, proceeded with the design, production, manufacture, promotion, advertising, and sale of Bextra (Valdecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including plaintiffs.

88. Pfizer, Pharmacia, , and Searle negligently represented to plaintiffs the safety and effectiveness of Bextra (Valdecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Bextra (Valdecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pfizer, Pharmacia, , and Searle are as follows, Pfizer, Pharmacia, , and Searle failed to:

    a.    Conduct sufficient testing which, if properly performed, would have shown that Bextra (Valdecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

    b.    Include adequate warnings with Bextra (Valdecoxib) products that would alert users to the potential risks and serious side effects the drugs as well as the limited benefits and the approved uses; and/or

    c.    Warn the plaintiffs that use of Bextra (Valdecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other

cardiovascular disorders and other serious side effects; and/or

    d.    Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Bextra (Valdecoxib); and/or

    e.    Provide plaintiffs with other appropriate warnings, including but not limited to that Bextra is not approved for acute pain, it had no proven gastrointestinal-protective effects, it should not be used indefinitely, and patients had to be adequately screened prior to taking Bextra.

89.    Pfizer, Pharmacia, , and Searle made the misrepresentations and omissions with the intent for plaintiffs the consuming public to rely upon such information or the absence of such information in selection of Bextra (Valdecoxib) as a treatment for pain relief.

90.    Plaintiffs justifiably relied on and/or was induced by the misrepresentations and/or active concealment by Pfizer, Pharmacia, , and Searle and he relied upon the absence of safety information which Pfizer, Pharmacia, , and Searle suppressed, concealed, or failed to disclose all to plaintiffs' detriment.

91.    As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib) plaintiffs were injured, and they incurred economic damages in the form of medical expense.

92.    Plaintiffs are entitled to recover from Pfizer, Pharmacia, , Searle for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and occurred expense.

WHEREFORE, each plaintiff demands judgments in their favor against defendants Pharmacia, Searle, and Pfizer, jointly, severally and for common liability for:

A. A fair and just amount of actual damages in an amount to be proved at trial that exceeds the jurisdictional amount of this Court;

B. Costs of suit;

C. Pre-judgment and post-judgment interest;

D. Punitive damages in a fair and reasonable amount to punish and deter defendants and others from engaging in the wrongful conduct; and

E. Such other and further relief as the Court deems just and proper under the circumstances.

                    JEFFREY J. LOWE, PC

By: _____
Jeffrey J. Lowe     #10538
Francis J. "Casey" Flynn #118147
Attorney for Plaintiff
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

John Carey
Joseph P. Danis
David Bauman
Sarah Hale
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

Charles Lampin
Kell Lampin LLC
4700 Mexican Rd.

St. Peters, Missouri 63376
636-498-4000

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105
314-725-9595
Fax: 314-725-9597